IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**UNITED STATES OF AMERICA,**
Plaintiff,

v.

CRIMINAL NO. 16-618 (CCC)

**RUBEN RUMAR VALDES-ROSARIO,**
Defendant.

**PLEA AND FORFEITURE AGREEMENT**
(Pursuant to Fed. R. Crim. P. 11(c)(1)(B))

TO THE HONORABLE COURT:

COMES NOW, the United States of America, by and through its attorneys for the District of Puerto Rico: Rosa Emilia Rodríguez-Vélez, United States Attorney, Timothy Henwood, First Assistant United States Attorney, Jenifer Y. Hernandez-Vega, Assistant United States Attorney and Chief, Violent Crimes Unit, and Marie Christine Amy, Assistant United States Attorney, along with the defendant, Ruben Rumar Valdes-Rosario, and his counsel, Isabelle C. Oria-Calaf, Esq., and pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), state to this Honorable Court that they have reached a Plea and Forfeiture Agreement, the terms and conditions of which are as follows:

1. **COUNTS TO WHICH DEFENDANT PLEADS GUILTY**

The defendant agrees to plead guilty to Counts Two and Four of the Indictment, a violation of 18 U.S.C. §924(c) and 21 U.S.C. § 841(a)(1), respectively.

**Count Two:**

On or about September 28, 2016, in the District of Puerto Rico and within the jurisdiction of

this Court, Ruben Rumar Valdes-Rosario, the defendant herein, did knowingly possess a firearm, that is, a rifle, model OA-93, .223 caliber bearing serial number OAP-0336 with Barrel #SS-556; a SAIG rifle, model 308-1, 7.62 caliber bearing serial number H04740011 made in Russia by IZHMASH, Bold Carrier #40011; a Glock pistol, .40 caliber, model 22, bearing serial number PEG-063; a Glock pistol, .40 caliber, model 22, bearing serial number DPV-920 and, a Glock pistol, .45 caliber, model 30S, bearing serial number BBMU-824, in furtherance of a drug trafficking crime for which he may be prosecuted in a Court of the United States, as set forth in Counts Four and Five of this Indictment. All in violation of 18 U.S.C. § 924(c)(1)(A).

**Count Four:**

On or about September 28, 2016, in the District of Puerto Rico and within the jurisdiction of this Court, Ruben Rumar Valdes-Rosario, the defendant herein, did knowingly and intentionally possess with intent to distribute a mixture or substance containing a detectable amount of cocaine base ("crack"), a Schedule II Controlled Substance. All in violation of 21 U.S.C. §§ 841(a)(1).

2. **STATUTORY MAXIMUM PENALTIES**

Pursuant to 18 U.S.C. § 924(c)(1)(A)(i), the penalty range for Count Two of the Indictment, a class A felony under 18 U.S.C. § 3559(a)(1), is a minimum term of imprisonment of five (5) years and a maximum term of life imprisonment. See United States v. Ortiz-Garcia, 665 F.3d 279, 283 (1st Cir. 2011). Pursuant to 18 U.S.C. § 3571(b)(3), a fine of up to two-hundred and fifty thousand dollars ($250,000.00) may be imposed; a supervised release term of not more than five (5) years may be imposed under 18 U.S.C. § 3583(b)(1); and a Special Monetary Assessment of one hundred dollars ($100.00).

The maximum statutory penalty for the offense charged in Count Four of the Indictment, a

class C felony under 18 U.S.C. §3559(a)(3) is: pursuant to 21 U.S.C. §841(b)(1)(C), a term of imprisonment of not more than twenty (20) years; pursuant to 21 U.S.C. §841(b)(1)(C) a fine not to exceed $1,000,000.00 dollars; pursuant to 21 U.S.C. §841(b)(1)(C), a supervised release term of at least three (3) years; and pursuant to 18 U.S.C. §3013(a)(2)(A), a Special Monetary Assessment of one hundred dollars ($100.00).

3. **SENTENCING GUIDELINES APPLICABILITY**

The defendant understands that the sentence will be left entirely to the sound discretion of the Court in accordance with 18 U.S.C. §§ 3551-86, and the United States Sentencing Guidelines (hereinafter "Guidelines"), which have been rendered advisory by the United States Supreme Court decision in United States v. Booker, 543 U.S. 220 (2005). Further, the defendant acknowledges that parole has been abolished and that the imposition of his sentence may not be suspended.

4. **SPECIAL MONETARY ASSESSMENT**

The defendant agrees to pay a special monetary assessment of one hundred dollars ($100.00), per count of conviction, to be deposited in the Crime Victim Fund, pursuant to 18 U.S.C. § 3013(a)(2)(A).

5. **FINES AND RESTITUTION**

The defendant is aware that the Court may, pursuant to U.S.S.G. § 5E1.2, order him to pay a fine sufficient to reimburse the government for the costs of any imprisonment, probation, or supervised release ordered. The Court may also impose restitution. The United States will make no recommendations as to the imposition of fines and restitution.

6. **RULE 11(c)(1)(B) WARNINGS**

The defendant is aware that his sentence is within the sound discretion of the sentencing judge and of the advisory nature of the Guidelines, including the <u>Guidelines Policy Statements</u>, <u>Application</u>, and <u>Background Notes</u>. Further, the defendant understands and acknowledges that the Court is not a party to this Plea and Forfeiture Agreement and thus, is not bound by this agreement or the sentencing calculations and recommendations contained herein. The defendant specifically acknowledges that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for the offense to which the defendant is pleading guilty. The defendant is aware that the Court may accept or reject the Plea and Forfeiture Agreement, or may defer its decision whether to accept or reject the Plea and Forfeiture Agreement until it has considered the pre-sentence investigation report. <u>See</u> Fed. R. Crim. P. 11(c)(3)(A). Should the Court impose a sentence up to the maximum established by statute, the defendant cannot, for that reason alone, withdraw his guilty plea, and will remain bound to fulfill all of the obligations under this Plea and Forfeiture Agreement. <u>See</u> Fed. R. Crim. P. 11(c)(3)(B).



7. **APPLICABILITY OF UNITED STATES SENTENCING GUIDELINES**

The defendant is aware that pursuant to the decision issued by the Supreme Court of the United States in the case of <u>United States v. Booker</u>, 543 U.S. 220 (2005), the Guidelines are no longer mandatory and must be considered effectively advisory. Therefore, after due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the United States and the defendant submit the following advisory Guideline calculations:

| Sentencing Guidelines Calculations Table As to Count Four | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Base Offense Level | U.S.S.G. § 2D1.1(a)(5) | | | | | | | 12 |
| Acceptance | Acceptance of Responsibility, U.S.S.G. § 3E1.1 | | | | | | | -2 |
| Sentencing Ranges Count Four | TOL | CHC I | CHC II | CHC III | CHC IV | CHC V | CHC VI | Total Offense Level Count Four |
| | 10 | 006-012 | 008-014 | 010-016 | 015-021 | 021-027 | 024-030 | 10 |

8.   **NO STIPULATION AS TO CRIMINAL HISTORY CATEGORY**

The parties do **not** stipulate as to any Criminal History Category for Defendant.

9.   **SENTENCE RECOMMENDATION**

After due consideration of all factors in 18 U.S.C. § 3553(a) and taking into account that Count One will be dismissed, which comes with a mandatory minimum sentence of 30 years of imprisonment, the parties agree that as to Count Two the defendant may recommend a sentence of no less than 84 months of imprisonment and the United States will ask for a sentence of 108 months imprisonment, to be served consecutively to the sentence imposed for Count Four.



As to Count Four, the parties agree to recommend a sentence of twelve (12) months of imprisonment. **The parties agree that any recommendation by either party for a term of imprisonment of less than 96 months or more than 120 months will constitute a material breach of the plea agreement**. Defendant agrees that the sentencing recommendation set forth herein is reasonable pursuant to Title 18, United States Code, Section 3553(a).

10. **WAIVER OF APPEAL**

Defendant knowingly and voluntarily agrees that, if the imprisonment sentence imposed by the Court is 120 months of imprisonment or less, the defendant waives the right to appeal any aspect of this case's judgment and sentence, including but not limited to the term of imprisonment or probation, restitution, fines, forfeiture, and the term and conditions of supervised release.

11. **NO FURTHER ADJUSTMENTS OR DEPARTURES**

The United States and the defendant agree that no further adjustments or departures to the defendant's total adjusted base offense level shall be sought. The parties agree that any request by the defendant for an adjustment or departure will be considered a material breach of this Plea and Forfeiture Agreement, and the United States will be free to ask for any sentence, either guideline or statutory.

12. **SATISFACTION WITH COUNSEL**

The defendant represents to the Court that he is satisfied with counsel, Isabelle C. Oria-Calaf, and asserts that counsel has rendered effective legal assistance.



13. **RIGHTS SURRENDERED BY DEFENDANT THROUGH GUILTY PLEA**

The defendant understands that by entering into this Plea and Forfeiture Agreement he surrenders certain rights as provided in this agreement. The defendant understands that the rights of criminal defendants include the following:

    a. If the defendant had persisted in a plea of not guilty to the charges, he would have had the right to a speedy jury trial with the assistance of counsel. The trial could be conducted by a judge sitting without a jury if the defendant, the United States and the judge agreed.

b. If a jury trial were conducted, the jury would be composed of twelve lay persons selected at random. The defendant and his attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification were shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, that it could not convict the defendant unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt, and that it would have to consider each charge separately.

c. If a trial were held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established the defendant's guilt beyond a reasonable doubt.

d. At a trial, the United States would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those witnesses and the defendant's attorney would be able to cross-examine them. In addition, prior to trial the defendant would be entitled to discovery of material, impeachment information concerning government witnesses, and defendant would be entitled to use this information during cross-examination. In turn, the defendant could present witnesses and other evidence on his own behalf. If the witnesses for the defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

e. At a trial, the defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from his refusal to testify. If Defendant desired to do so, he could testify on his own behalf.

14. **STIPULATION OF FACTS**

The accompanying Stipulation of Facts signed by the defendant is hereby incorporated into this Plea and Forfeiture Agreement. The defendant adopts the Stipulation of Facts and agrees that the facts therein are accurate in every respect and, had the matter proceeded to trial, that the United States would have proven those facts beyond a reasonable doubt.

15. **FIREARMS FORFEITURE**



Pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), the defendant agrees to forfeit all of his right, title, and interest in the following property (hereafter, collectively, the "Property"): a rifle, model OA-93, .223 caliber bearing serial number OAP-0336 with Barrel #SS-556; a SAIG rifle, model 308-1, 7.62 caliber bearing serial number H04740011 made in Russia by IZHMASH, Bold Carrier #40011; a Glock pistol, .40 caliber, model 22, bearing serial number PEG-063; a Glock pistol, .40 caliber, model 22, bearing serial number DPV-920 and, a Glock pistol, .45 caliber, model 30S, bearing serial number BBMU-824, and 72 rounds of .40 caliber ammunition, 49 rounds of .45 caliber ammunition, 70 rounds of 9mm caliber ammunition, 90 rounds of .223 caliber ammunition, 35 rounds of .308 caliber ammunition, 190 rounds of .22 caliber ammunition. The defendant acknowledges that he possessed the Property in violation of 18 U.S.C. § 924(c), as set forth in Count Two of the Indictment, and that the Property is therefore subject to forfeiture to the United States pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c).

### 16. LIMITATIONS OF PLEA AGREEMENT

This Plea and Forfeiture Agreement binds only the United States Attorney's Office for the District of Puerto Rico and the defendant. It does not bind any other federal, district, state, or local authorities.

### 17. ENTIRETY OF PLEA AND FORFEITURE AGREEMENT

This written agreement constitutes the complete Plea and Forfeiture Agreement between the United States, the defendant, and the defendant's counsel. The United States has made no promises or representations, except as set forth in writing in this Plea and Forfeiture Agreement, and denies the existence of any other term and conditions not stated herein.

### 18. AMENDMENTS TO PLEA AND FORFEITURE AGREEMENT



No other promises, terms or conditions will be entered unless in writing and signed by all parties.

### 19. VOLUNTARINESS OF GUILTY PLEA

The defendant acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is guilty.

## 20. DISMISSAL OF REMAINING COUNTS

All remaining counts of the Indictment will be dismissed at sentencing.

**ROSA EMILIA RODRÍGUEZ-VÉLEZ**
United States Attorney

_____
**Timothy Henwood**
First Assistant U.S. Attorney
Dated: 8-9-17

_____
**Jenifer Y. Hernandez-Vega**
Assistant U.S. Attorney
Chief, Violent Crimes Unit
Dated: 8/9/2017

_____
**Marie Christine Amy**
Assistant United States Attorney
Violent Crimes Unit
Dated: August 9, 2017

_____
**Isabelle C. Oria-Calaf, Esq.**
Counsel for Defendant
Dated: 08·30·2017

_____
**Ruben Rumar Valdes-Rosario**
Defendant
Dated: 08·30·2017

## UNDERSTANDING OF RIGHTS

I have consulted with my attorney and fully understand all of my rights with respect to the Indictment pending against me. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the <u>Sentencing Guidelines</u>, <u>Policy Statements</u>, <u>Application</u>, and <u>Background Notes</u> which may apply in my case. My attorney has translated the Plea and Forfeiture Agreement to me in the Spanish language and I have no doubts as to the contents of the agreement. I have read this Plea and Forfeiture Agreement and carefully reviewed every part of it with my attorney. I fully understand this Plea and Forfeiture Agreement and voluntarily agree to it.

Date: 08·30·2017

**Ruben Rumar Valdes-Rosario**
Defendant

I am the attorney for the defendant. I have fully explained to the defendant his rights with respect to the pending Indictment. Further, I have reviewed the provisions of the <u>Sentencing Guidelines</u>, <u>Policy Statements</u>, <u>Application</u>, and <u>Background Notes</u>, and I have fully explained to the defendant the provisions of those guidelines which may apply in this case. I have carefully reviewed every part of this Plea and Forfeiture Agreement with the defendant. I have translated the Plea and Forfeiture Agreement and explained it in the Spanish language to the defendant who has expressed no doubts as to the contents of the Plea and Forfeiture Agreement. To my knowledge, the defendant is entering into this Plea and Forfeiture Agreement voluntarily, intelligently, and with full knowledge of all consequences of a plea of guilty.

Date: 08·30·2017

**Isabelle C. Oria-Calaf, Esq.**
Counsel for Defendant

## STIPULATION OF FACTS

In conjunction with the submission of the accompanying Plea and Forfeiture Agreement in this case, the United States of America and the defendant, Ruben Rumar Valdes-Rosario, agree that the following is a true and accurate summary of the facts leading to Defendant's acceptance of criminal responsibility for violating 18 U.S.C. §924(c) and 21 U.S.C. §841(a)(1).

On September 28, 2016, the Homeland Security Investigations (HSI) Arecibo Office and the PRPD Drug Division from Vega Baja executed a state search warrant at residence #17 on Street 5, Cantito Ward in Manati, PR. Upon executing the search warrant, the agents encountered the defendant and other individuals, including one minor. PRPD officers verbally advised the defendant of his constitutional rights, which he acknowledged and voluntarily waived. The defendant then stated that a backpack located under a table near his dormitory door contained three small pistols and drugs. The defendant further stated that three rifles were concealed inside a refrigerator behind the residence of his aunt, which was located in the curtilage area of the residence. As a result, the agents seized the following items: a rifle, model OA-93, .223 caliber bearing serial number OAP-0336 with Barrel #SS-556; a SAIG rifle, model 308-1, 7.62 caliber bearing serial number H04740011 made in Russia by IZHMASH, Bold Carrier #40011; a rifle M-4 with no serial number, a .38 caliber revolver, a Glock pistol, .40 caliber, model 22, bearing serial number PEG-063; a Glock pistol, .40 caliber, model 22, bearing serial number DPV-920 and, a Glock pistol, .45 caliber, model 30S, bearing serial number BBMU-824, and 72 rounds of .40 caliber ammunition, 49 rounds of .45 caliber ammunition, 70 rounds of 9mm caliber ammunition, 90 rounds of .223 caliber ammunition, 35 rounds of .308 caliber

ammunition, 190 rounds of .22 caliber ammunition, and 280 capsules containing crack and 39 baggies containing marijuana.

Later on the same date, HSI agents also advised the defendant of his constitutional rights, which he understood and waived. The defendant then told HSI agents that all of the contraband found in his residence and his aunt's residence belonged to him. He further told the agents that he purchased the narcotics for his own drug sale activities. Additionally, the defendant told the agents that the Glock pistol, .40 caliber, model 22 bearing serial number PEG-063 seized was modified to shoot automatically because he had tested it before. He admitted to have installed the "chip" in the firearm and to customarily modified his firearms to shoot automatically after learning how to do it in the internet. He also admitted that $200 out of $1,200 dollars seized in his residence were proceeds from his drug selling activities.

The investigation concluded that the controlled substances seized yielded positive to crack-cocaine among others. The investigation further revealed that no firearms, including the firearms seized, are manufactured in the commonwealth of Puerto Rico and therefore the investigation concluded the firearms in this case were transported in interstate or foreign commerce.

Had this matter proceeded to trial, the United States would have presented the testimony of law enforcement agents, as well as physical and documentary evidence, to prove beyond a reasonable doubt that Ruben Rumar Valdes-Rosario is guilty of violating Title 18, United States Code, Section 924(c) and Title 21, United States Code, Section 841(a)(1).

Discovery was made available to Defendant in a timely manner for review.

_____  
**Marie Christine Amy**  
Assistant United States Attorney  
Dated: August 9, 2017

_____  
**Isabelle C. Oria-Calaf, Esq.**  
Counsel for Defendant  
Dated: 08.30.2017

_____  
**Ruben Rumar Valdes-Rosario**  
Defendant  
Dated: 08.30.2017